United States District Court
Middle District of Florida
Jacksonville Division

**JANELLE WARREN,**

 *Plaintiff,*

v.                    **NO. 3:24-cv-740-PDB**

**ACTING COMMISSIONER OF SOCIAL SECURITY,**[1]

 *Defendant.*

# Order

 The Court reversed the Acting Commissioner of Social Security's decision denying Janelle Warren's applications for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 12, 13. Warren requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $8,500 as an attorney's fee. Doc. 21. The Acting Commissioner has no opposition. Doc. 21 at 23.

 In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested a fee, (3) her net worth

---

[1]On February 17, 2025, Leland Dudek became the Acting Commissioner of Social Security. "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]" Fed. R. Civ. P. 25(d). Under this rule, Leland Dudek is the defendant.

did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. Docs. 13, 15; Doc. 21-1 at 7. As to the fourth condition, the Acting Commissioner has not tried to satisfy his burden of showing his position was substantially justified. Doc. 21 at 6–7. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the attorney's fee, the applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 33.1 hours of work completed in 2024 by counsel of record, Jason Quick; 3.5 hours of work completed in 2024 by a lawyer not admitted to practice in this Court, Bryan Konoski; and 3 hours of work completed in 2024 by a paralegal, Tara Quinones. Doc. 21-1 at 5. Warren requests an hourly rate of $244.62 for the lawyers' work and $75.00 for the paralegal's work. Doc. 21-1 at 5. The hours multiplied by the rates equals $9,178.09, but Warren agreed to reduce the amount of her request to $8,500. Doc. 21 at 3.

The requested rates and claimed hours are reasonable. Based on the Court's own knowledge and the information about the lawyers and paralegal, *see* Doc. 21 at 16–20; Doc. 21-1 at 9–12, the rates are within the prevailing market rates for similar services provided by lawyers and paralegals of reasonably comparable skills, experience, and reputation. The increase in the cost of living from 1996 to the time the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited April 28, 2025). Although Konoski is not admitted to practice in this Court, considering his experience, *see* Doc. 21-1 at 9–12, and the absence of opposition, *see* Doc. 21 at 23, awarding Konoski the same rate as Quick is warranted. None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 21-1 at 5.

The Court leaves to the Acting Commissioner's discretion whether to accept Warren's assignment of the EAJA fee, *see* Doc. 21 at 20–21; Doc. 21-1 at 7, after determining whether Warren owes a federal debt.

Because Warren is eligible and the requested attorney's fee is reasonable, the Court **grants** the motion, Doc. 21; **awards** her $8,500 as an

3

attorney's fee; and **directs** the clerk to enter judgment in favor of Janelle Warren and against the Acting Commissioner of Social Security for $8,500.

**Ordered** in Jacksonville, Florida, on April 30, 2025.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*